OFFICE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**06 CV    3295**

**JUDGE KARAS**

| | |
|---|---|
| BARBARA KLIGMAN | : |
| Plaintiff, | : |
| -against- | : |
| EDDIE BAUER INC., | : |
| Defendant. | : |

06 CIV.

RECEIVED
APR 28 2006
U.S.D.C.
CASHIERS

*Removed From:*
SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK
State Court Index No. 06-104317

## NOTICE OF REMOVAL OF CIVIL ACTION

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Eddie

Bauer Inc. ("Eddie Bauer" or "Defendant"), Defendant in the above-captioned action, hereby

notices the removal of this civil action to the United States District Court for the Southern

District of New York, from the Supreme Court of the State of New York, County of New York.

Removal is made pursuant to 28 U.S.C. § 1331, whereby this Court has subject matter

jurisdiction to adjudicate claims arising under the Constitution, laws, or treaties of the United

States. The grounds for removal are more particularly stated as follows:

1.      This Notice of Removal has been filed within thirty (30) days of receipt by

Defendant of information from which it could first ascertain that the case is or has become

removable. 28 U.S.C. § 1446(b). Plaintiff served Eddie Bauer on March 31, 2006.

2.      On or about March 29, 2006, Plaintiff Barbara Kligman ("Plaintiff")

commenced a civil action against Eddie Bauer by filing a Summons and Complaint in the

Supreme Court of New York, Index No. 06-104317.  A copy of that Summons and Complaint is attached hereto as Exhibit "A."

       3.      According to the Complaint, Plaintiff alleges that Eddie Bauer engaged in unlawful discriminatory practices against her based on her age, in violation of the Age Discrimination in Employment Act 29 U.S.C.A. § 621.  Thus, it is clear that this action arises under a law of the United States and is within this Court's federal question jurisdiction.

       4.      The basis for removal of this action arises under 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws, or treaties of the United States.  Under 28 U.S.C. §§ 1441(c) and 1367(a), this Court may exercise supplemental jurisdiction over the remaining claims.

       5.      This Notice of Removal has been filed within thirty (30) days of receipt by Defendant of information that it could first ascertain that the case is or has become removable.  28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

       7.      As required by 28 U.S.C. § 1446(b), true and correct copies of all process, pleadings, and orders served upon Defendant are being filed with this Notice of Removal.

       8.      Defendant reserves all substantive and procedural claims, counterclaims and defenses, including, but not limited to, defenses respecting service of process, venue and personal jurisdiction.

WHEREFORE, Defendant requests that this action be removed to this Court.

Dated:  New York, New York
        April 28, 2006


                        Respectfully submitted,


                        By: _Noell Chadwick_____
                            Richard J. Rabin (RR-0037)
                            Noelle M. Chadwick (NC-4410)
                            Akin Gump Strauss Hauer and Feld LLP
                            590 Madison Avenue
                            New York, New York  10022
                            (212) 872-1000 (telephone)
                            (212) 872-1002 (facsimile)

                            Attorneys for Defendant
                            Eddie Bauer Inc.

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK        COUNTY OF NEW YORK

| Index No. | Year |
|---|---|
| O6 1O4317 | 2006 |

BARBARA KLIGMAN,

Plaintiff,

- against -

EDDIE BAUER INC.

Defendants

## PLAINTIFF'S VERIFIED SUMMONS & COMPLAINT

### BAHN, HERZFELD & MULTER, LLP
*Attorneys for*   PLAINTIFF BARBARA KLIGMAN

*Office and Post Office Address, Telephone*

555 FIFTH AVENUE
NEW YORK, NY 10017
(212) 818-9019

To

Signature (Rule 130-1, 1-a)

Attorney(s) for

Print Name Beneath

Service of a copy of the within                                    is hereby admitted.

Dated,

Attorney(s) for

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
BARBARA KLIGMAN                                   :
                                                  :   Index No. Co 104317
                                 Plaintiff,        :   Date Filed: 3/30/06
                                                  :
                      -against-                    :
                                                  :   **SUMMONS**
                                                  :
EDDIE BAUER INC.                                  :
                                 Defendant         :
------------------------------------------------------------X

To the above named defendant:

        You are hereby summoned and required to serve upon plaintiff's attorney, at his address stated below, an answer to the attached complaint.

        If this answer was personally served upon you in the State of New York, the answer must be served within twenty days after such service of the summons, excluding the date of service. If the summons was not personnaly delivered to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

        If you do not serve an answer to the attached complaint within the applicable time frame stated above, a judgement may be entered against you by default, for the relief demanded in the complaint, without further notice to you.

        The action will be heard in the Supreme Court of the State of New York, in and for the County of New York. This action is brought in the County of New York as plaintiff's place of residence is in the county.

Dated:          New York, New York
                March 29, 2006

                                    BAHN HERZFELD & MULTER, LLP
                                    Attorneys for Plaintiff
                                    555 Fifth Avenue, 14th Floor
                                    New York, NY 10017
                                    (212) 818-9019
                                    By: _____
                                           Allan M. Bahn Esq.

To: Eddie Bauer
    C/O New York Secretary of State
    Albany New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X

BARBARA KLIGMAN                                :        Index No.: 06 104317

                    **Plaintiff**              :        **VERIFIED**
                                                        **COMPLAINT**
        -against-                              :

                                               :        **DEMAND FOR**
                                               :        **JURY TRIAL**
EDDIE BAUER, INC.,                             :

                    **Defendant**              :

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X

Plaintiff Barbara Kligman, by her attorneys, Bahn, Herzfeld & Multer, LLP, as

and for her Verified Complaint, respectfully sets forth and alleges upon information and

belief as follows:

## THE PARTIES

1. At all times relevant to this action, plaintiff, Barbara Kligman, was and

continues to be a resident of New York County, New York State.

2. Upon information and belief, and at all relevant times, defendant was and

is a foreign corporation registered to do business and doing business in the State of

New York with its principal executive office at 15015 NE 36th Street, Redmond,

Washington, 98052

3. At all times mentioned herein plaintiff Barbara Kligman ("Kligman") was

an employee within the meaning of the Age Discrimination in Employment Act (29

U.S.C.A. §621) protected against discrimination in employment on the basis of her

age and was a member of the protected group of workers 40 years of age or older.

4. At all times mentioned herein, defendant Eddie Bauer, Inc., ("Eddie

Bauer") was an employer within the meaning of the Age Discrimination in

Employment Act (29 U.S.C.A.§621), and as such was prohibited from discriminating in employment on the basis of age.

5.   Defendant, Eddie Bauer, Inc., while a foreign corporation maintains a store location at 1172 Third Avenue, New York, NY. Said location was the plaintiff's place of employment.

## FACTS

6.   Plaintiff was employed by Eddie Bauer for approximately nine (9) years as a sales associate at the Eddie Bauer store located at 1172 Third Avenue, New York, NY (hereinafter "the Store") beginning on or about April 11, 1996 until the date of her termination on July 23, 2004.

7.   At the time plaintiff was hired, she was approximately fifty eight (58) years old. Her date of birth is February 3, 1938.

8.   At the time of her termination plaintiff was approximately sixty six (66) years old.

9.   During her tenure as an employee of defendant, plaintiff was at all times the oldest sales and/or management employee at her store location.

10. On average plaintiff was at least 20 years older then the next oldest sales employee.

11. The average age of defendant's employees employed at the Store during the plaintiff's employment was approximately thirty-five (35) years.

12. On information and belief no more then two (2%) percent of defendant's sales staff in New York as well as nationally is over age sixty (60) and no more then

five (5%) percent of defendant's sales staff in New York and nationally is over age
fifty five (55).

13. During her employment plaintiff provided exemplary service to Eddie
Bauer and received several awards for outstanding service as a top sales associate.

14. On or about July 23, 2004, defendant terminated plaintiff's employment
without notice.

15. Defendant's ostensible reason for terminating plaintiff was that on July 22,
2004, plaintiff violated Eddie Bauer corporate policy by taking a backpack from a
customer prior to the customer entering a changing room.

16. Subsequent to plaintiff's termination, plaintiff applied for unemployment
benefits for New York State Unemployment Insurance. Defendant denied coverage
claiming plaintiff was not entitled to said insurance as she as terminated for cause.

17. During the course of hearings held at the New York State Unemployment
Insurance Appeal Board on October 14, 2004, and December 9, 2004, Administrative
Law Judge Diane L. Dubiac ruled that plaintiff had never received written notice of
the company rule concerning customer bags nor was there any proof that plaintiff has
ever been informed of the alleged company rule.   Judge Dubiac ultimately ruled in
favor of plaintiff and reinstated benefits.

18. Prior to 2004, plaintiff received written disciplinary notices for minor
infractions of store policy, not more than two (2) to three (3) times in eight (8) years.

19. During the eight months prior to her termination, plaintiff was written up
four (4) to five (5) times; a dramatic increase from her previous years of employment.

Plaintiff was not aware of several of these disciplinary write-ups until after her termination.

20. The increase in disciplinary action against plaintiff coincided with the employment of Juan Olmeda ("Olmeda"), as the assistant store manager at the Store in November 2003.

21. Almost all disciplinary charges filed against plaintiff by defendant's management employees, including the incident which precipitated plaintiff's termination were written by Olmeda and all or most disciplinary action were related to plaintiff's "disrespectful" attitude towards Mr. Olmeda

22. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission and received a notice on or about January 11, 2006, of her right to bring this action pursuant to Age Discrimination in Employment Act 29 U.S.C.A. §621 et seq.. That Right to Sue Letter is attached hereto as Exhibit "A" and is incorporated herein by reference. Plaintiff has therefore exhausted all available and required administrative remedies.

### FIRST CAUSE OF ACTION
### Violation of the Age Discrimination in Employment Act 29 U.S.C.A. §621 et seq.

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "22" hereof as if fully set forth at length herein

24. Plaintiff has been discriminated against by acts of age discrimination committed by defendant and its management employees who engaged in a course of conduct, which included unwarranted disciplinary complaints, harassment and finally an unwarranted termination of plaintiff.

25. Said unlawful actions were taken in an effort to discourage plaintiff's continued employment as defendants sought to rid themselves of an employee of plaintiff's advanced age.

26. These acts constitute unlawful discriminatory practices against plaintiff based on her age, in violation of the Age Discrimination in Employment Act 29 U.S.C.A. §621.

27. Plaintiff is a female senior citizen and as such is a member of a protected class.

28. The acts of which plaintiff complains of herein supporting her claim for discrimination, took place as a result of her membership in a protected class and took place while she was an employee of defendant.

29. Specifically, defendant and its management employees undertook a series of unwarranted disciplinary actions against plaintiff starting in November 2003, the purpose of which was to force plaintiff to either resign her position or set the groundwork for a pretext to terminate plaintiff, which in fact occurred on July 23, 2004.

30. On July 22, 2004, defendant and its management employees created an incident involving an unidentified customer and a claim that plaintiff allegedly violated a company policy prohibiting sales staff from holding customer's bags while the customer entered a changing room as grounds for terminating plaintiff's employment.

31. At no time prior to the alleged incident had plaintiff been informed of the alleged policy nor had plaintiff been provided with a written copy of said policy.

32. At no time subsequent to the alleged incident did defendant produce a copy of the policy or produce an individual who could state that plaintiff was informed of this policy previous to the alleged incident.

33. The acts of which plaintiff complains of herein supporting her claim of age discrimination were committed by Eddie Bauer personnel, including but not limited to, "Juan Olmeda" and other known and unknown persons.

34. All of the Eddie Bauer personnel possessed and maintained supervisory authority over plaintiff, and for whose acts, defendant is liable.

35. Based on information and belief defendant and its management personnel sought to terminate plaintiff's employment for two distinct reasons.

36. The primary reason for terminating the sixty six (66) year old plaintiff was to bring the Store personnel into conformity with the advertised image of Eddie Bauer, that of young to middle age, sophisticated urban and suburbanites. In contrast plaintiff was an older Jewish woman whose image and appearance was markedly different then the corporate ideal.

37. The second motive for plaintiff's termination was to satiate the hostility of the Store manager and assistant manager who found it impossible to deal respectfully with an older woman.

38. As a direct and proximate result of Eddie Bauer's conduct, plaintiff has been unable, despite reasonable efforts, to find comparable employment elsewhere.

39. As a direct and proximate result of defendant's conduct, plaintiff has suffered and will continue to suffer from, among other things a significant loss of income, benefits as well as other losses associated with the effects of defendant's

conduct upon plaintiff's employment, career and life's normal pursuits all of which has had and will continue to have a irreparably devastating effect upon the quality of her life and will prevent her from functioning as she did prior to the conduct complained of herein.

40. The discriminatory conduct of defendant so degraded plaintiff physically, mentally and emotionally that, as a proximate result of the violations by defendant of her civil rights, plaintiff has suffered, and will continue to suffer, among other things, mental and emotional injuries.

41. Further the discriminatory practices engaged in by defendant were done with malice and/or reckless indifference to plaintiff's protected rights, such that, in addition to all the measures of relief cited herein to which plaintiff is entitled, defendant should be requited to pay punitive damages as punishment for its vile, indecent and reprehensible conduct in order to deter defendant and other similarly situated from such conduct in the future.

42. As direct and proximate result of defendant's violation of plaintiff's rights under the Federal Age Discrimination in Employment Act, defendant is liable to plaintiff for compensatory damages representing past and future wages and punitive damages for a sum to be determined at trial, but no less then three million ($3,000,000) dollars; pursuant to 29 U.S.C.A. §621

43. As direct and proximate result of defendant's violation of plaintiff's rights under the Federal Age Discrimination in Employment Act, defendant is further liable to plaintiff for attorney's fees pursuant to the 29 U.S.C.A. §621.

44. Plaintiff therefore seeks judgment against Eddie Bauer on the First Cause of Action for compensatory and punitive damages for a sum to be determined at trial, but no less then three million ($3,000,000) dollars, together with costs, disbursements and attorney's fees.

## SECOND CAUSE OF ACTION
### Violation of the N.Y. Exec Law, §296 (1)(a,

45. Plaintiff re-alleges the allegations contained in paragraphs "1" through "44" hereof as if fully set forth at length herein.

46. Plaintiff has been discriminated against by acts of age discrimination committed by defendant and its management employees who engaged in a course of conduct, which included unwarranted disciplinary complaints, harassment and finally an unwarranted termination of plaintiff. Said unlawful actions were taken in an effort to discourage plaintiff's continued employment as defendants sought to rid themselves of an employee of plaintiff's advanced age.

47. These acts constitute unlawful discriminatory practices against plaintiff based on her age, in violation of the N.Y. Exec Law, §296 (1)(a).

48. Plaintiff is a female senior citizen and as such is a member of a protected class.

49. The acts of which plaintiff complains of herein supporting her claim for discrimination, took place as a result of her membership in a protected class and took place while she was an employee of defendant.

50. Specifically, defendant and its management employees undertook a series of unwarranted disciplinary actions against plaintiff starting in November 2003, the

purpose of which was to force plaintiff to either resign her position or set the groundwork for a pretext termination of plaintiff which occurred on July 23, 2004.

51. On July 22, 2004, defendant and its management employees created an incident involving an unidentified customer and a claim that plaintiff allegedly violated a company policy prohibiting sales staff from holding customer's bags while the customer entered a changing room as grounds for terminating plaintiff's employment.

52. At no time prior to the alleged incident had plaintiff been informed of the alleged policy nor had plaintiff been provided with a written copy of said policy.

53. At no time subsequent to the alleged incident did defendant produce a copy of the policy or produce an individual who could state that plaintiff was informed of this policy previous to the alleged incident.

54. The acts of which plaintiff complains of herein supporting her claim of age discrimination were committed by Eddie Bauer personnel, including but not limited to, "Juan Olmeda" and other known and unknown persons.

55. All of the Eddie Bauer personnel possessed and maintained supervisory authority over plaintiff, and for whose acts, defendant is liable.

56. Based on information and belief defendant and its management personnel sought to terminate plaintiff's employment for two distinct reasons.

57. The primary reason for terminating the sixty six (66) year old plaintiff was to bring the Store personnel into conformity with the advertised image of Eddie Bauer, that of young to middle age, sophisticated urban and suburbanites.  In contrast

plaintiff was an older Jewish woman whose image and appearance was markedly different then the corporate ideal.

58. The second motive for plaintiff's termination was to satiate the hostility of the Store manager and assistant manager who found it impossible to deal respectfully with an older woman.

59. As a direct and proximate result of Eddie Bauer's conduct, plaintiff has been unable, despite reasonable efforts, to find comparable employment elsewhere.

60. As a direct and proximate result of defendant's conduct, plaintiff has suffered and will continue to suffer from, among other things a significant loss of income, benefits as well as other losses associated with the effects of defendant's conduct upon plaintiff's employment, career and life's normal pursuits all of which has had and will continue to have a irreparably devastating effect upon the quality of her life and will prevent her from functioning as she did prior to the conduct complained of herein.

61. The discriminatory conduct of defendant so degraded plaintiff physically, mentally and emotionally that, as a proximate result of the violations by defendant of her civil rights, plaintiff has suffered, and will continue to suffer, among other things, mental and emotional injuries.

62. Further discriminatory practice engaged in by defendant were done with malice and/or reckless indifference to plaintiff's protected rights, such that, in addition to all the measures of relief cited herein to which plaintiff is entitled, defendant should be requited to pay punitive damages as punishment for its vile,

indecent and reprehensible conduct in order to deter defendant and other similarly situated from such conduct in the future.

63. As direct and proximate result of defendant's violation of plaintiff's rights under the N.Y. Exec Law, §296 (1)(a) defendant is liable to plaintiff for compensatory damages representing past and future wages and punitive damages for a sum to be determined at trial, but no less then three million ($3,000,000) dollars;. pursuant to N.Y. Exec Law, §296 (1)(a).

64. As direct and proximate result of defendant's violation of plaintiff's rights under the N.Y. Exec Law, §296 (1)(a), defendant is further liable to plaintiff for attorney's fees pursuant to N.Y. Exec Law, §296 (1)(a).

65. Plaintiff therefore seeks judgment against Eddie Bauer on the Second Cause of Action for compensatory and punitive damages for a sum to be determined at trial, but no less then three million ($3,000,000) dollars, together with costs, disbursements and attorney's fees.

## THIRD CAUSE OF ACTION
### Violation of New York City Administrative Code, Title 8, Chapter 1 §8-107(1)(a).

66. Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "65" hereof as if fully set forth at length herein.

67. Plaintiff has been discriminated against by the acts of age discrimination committed by defendant and its management employees who engaged in a course of conduct, which included unwarranted disciplinary complaints, harassment and finally an unwarranted termination of plaintiff. Said unlawful actions were taken in an effort to discourage plaintiff's continued employment as defendants sought to rid themselves of an employee of plaintiff's advanced age.

68.  These acts constitute unlawful discriminatory practices against plaintiff based on her age, in violation of the New York City Administrative Code, Title 8, Chapter 1 §8-107(1)(a).

69. Plaintiff is a female senior citizen and as such is a member of a protected class.

70. The acts of which plaintiff complains of herein supporting her claim for discrimination, took place as a result of her membership in a protected class and took place while she was an employee of defendant.

71. Specifically, defendant and its management employees undertook a series of unwarranted disciplinary actions against plaintiff starting in November 2003, the purpose of which was to force plaintiff to either resign her position or set the groundwork for a pretext to terminate plaintiff, which in fact occurred on July 23, 2004.

72. On July 22, 2004, defendant and its management employees created an incident involving an unidentified customer and a claim that plaintiff allegedly violated a company policy prohibiting sales staff from holding customer's bags while the customer entered a changing room as grounds for terminating plaintiff's employment.

73. At no time prior to the alleged incident had plaintiff been informed of the alleged policy nor had plaintiff been provided with a written copy of said policy.

74. At no time subsequent to the alleged incident did defendant produce a copy of the policy or produce an individual who could state that plaintiff was informed of this policy previous to the alleged incident.

75. The acts of which plaintiff complains of herein supporting her claim of age discrimination were committed by Eddie Bauer personnel, including but not limited to, "Juan Olmeda" and other known and unknown persons.

76. All of the Eddie Bauer personnel possessed and maintained supervisory authority of plaintiff, and for whose acts defendant is liable.

77. Based on information and belief defendant and its management personnel sought to terminate plaintiff's employment for two distinct reasons.

78. The primary reason for terminating the sixty six year (66) old plaintiff was to bring the Store personnel into conformity with the advertised image of Eddie Bauer, that of young to middle age, sophisticated urban and suburbanites. In contrast plaintiff was an older Jewish woman whose image and appearance was markedly different then the corporate ideal.

79. The second motive for plaintiff's termination was to satiate the hostility of the Store manager and assistant manager who found it impossible to deal respectfully with an older woman.

80. As a direct and proximate result of defendant's conduct, plaintiff has been unable, despite reasonable efforts, to find comparable employment elsewhere.

81. As a direct and proximate result of defendant's conduct, plaintiff has suffered and will continue to suffer from, among other things a significant loss of income, benefits as well as other losses associated with the effects of defendant's conduct upon plaintiff's employment, career and life's normal pursuits all of which has had and will continue to have a irreparably devastating effect upon the quality of

her life and will prevent her from functioning as she did prior to the conduct complained of herein.

82. The discriminatory conduct of defendant so degraded plaintiff physically, mentally and emotionally that, as a proximate result of the violations by defendant of her civil rights, plaintiff has suffered, and will continue to suffer, among other things, mental and emotional injuries.

83. Further discriminatory practice engaged in by defendant were done with malice and/or reckless indifference to plaintiff's protected rights, such that, in addition to all the measures of relief cited herein to which plaintiff is entitled, defendant should be requited to pay punitive damages as punishment for its vile, indecent and reprehensible conduct in order to deter defendant and other similarly situated from such conduct in the future.

84. As direct and proximate result of defendant's violation of plaintiff's rights under the New York City Administrative Code, Title 8, Chapter 1 §8-107(1)(a) defendant is liable to plaintiff for compensatory damages representing past and future wages and punitive damages for a sum to be determined at trial, but no less then three million ($3,000,000) dollars;. pursuant to New York City Administrative Code, Title 8, Chapter 1 §8-107(1)(a).

85. As direct and proximate result of defendant's violation of plaintiff's rights under the New York City Administrative Code, Title 8, Chapter 1 §8-107(1)(a) defendant is further liable to plaintiff for attorney's fees pursuant to New York City Administrative Code, Title 8, Chapter 1 §8-107(1)(a).

86. Plaintiff therefore seeks judgment against Eddie Bauer on the Third Cause of Action for compensatory and punitive damages for a sum to be determined at trial, but no less then three million ($3,000,000) dollars, together with costs, disbursements and attorney's fees.

**WHEREFORE,** plaintiff demands Judgment against defendant, for the following:

1. Compensatory and Punitive damages to be determined at trial but no less then Three Million ($3,000,000) for violations of the Age Discrimination in Employment Act (29 U.S.C.A.§621);

2. Compensatory and Punitive damages to be determined at trial but no less then Three Million ($3,000,000) for violations of the N.Y. Exec Law, §296 (1)(a);

3. Compensatory and Punitive damages to be determined at trial but no less then Three Million ($3,000,000) for violations of the New York City Administrative Code, Title 8, Chapter 1 §8-107(1)(a)

4. Interest and cost of suit;

5. Reasonable attorney's fees; and

6. Such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           March 28, 2006

BAHN Herzfeld & MULTER, LLP
Attorneys for Plaintiff
555 Fifth Avenue, 14th Floor
New York, NY 10017
(212) 818-9019

By: _____
        Allan M. Bahn Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------X

BARBARA KLIGMAN                          :        Index No. O6 104317

              Plaintiff,        :        Date Filed: 3/30/06

     -against-                           :        **PLAINTIFF
                                         **            VERIFICATION**

EDDIE BAUER INC.                         :
              Defendant,        :

-------------------------------------------------------X


STATE OF NEW YORK        )
                  ) SS.:
COUNTY OF NEW YORK   )

     I, the undersigned, being duly sworn, depose and state under penalty of perjury: I am the plaintiff in the above-captioned action; I have read the foregoing Summons and Complaint and know the contents thereof and the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

                                *Barbara Kligman*
                                Barbara Kligman


Sworn to before me this
3 0   day of March, 2006

            ALLAN BAHN
        Notary Public, State of New York
          No. 02BA5034471
       Qualified in New York County
     My Commission Expires 11/28/_____

NOTARY PUBLIC

RECYCLED

Exhibit
A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622
FAX (212) 336-3625

Barbara Kligman c/o
Allan M. Bahn, Esq.
Bhan, Herzeld and Multer LLP
555 Fifth Avenue
New York, NY 10017



Re:    Kligman v. Eddie Bauer
       Charge No.: 160-2005-02320

Dear Mr. Bahn:

The EEOC has concluded its inquiry into your allegations of discrimination against *Eddie Bauer* ("Respondent"). Under the Equal Employment Opportunity Commission's (EEOC) charge prioritization procedures, we focus our resources only on those charges that are most likely to result in findings of violations of the laws we enforce. In accordance with these procedures, the EEOC has evaluated this charge based on the information you provided.

You allege you were discriminated on account of your age (66) in violation of the Age Discrimination in Employment Act of 1967, as amended. Specifically, you believe you were terminated because your age did not fit the image Respondent wanted to convey to its young energetic urban professional customers.

Contrary to your allegations, Respondent contends you were terminated due to repeated performance problems and disciplinary issues. Respondent stated that you were previously warned and placed on final warning advising you that any additional performance problems could result in termination in March of 2004. After being placed on final warning, there was a customer complaint about your treatment toward a customer. Respondent alleges that after investigating the customer complaint, Respondent learned you chose to exercise a personal practice; prohibiting some customers from bringing personal bags into a dressing room. Respondent alleges it has no such rule, policy or practice. Respondent stated that since you were on notice that any further infraction would result in termination, accordingly Respondent terminated you due to the infraction; applying your own policy and practice to customers. Based on the aforementioned, Respondent contends you were not discriminated because of your age, instead terminated for legitimate non-discriminatory reasons.

Based upon the information provided by you, the Commission concluded that there was insufficient evidence upon which to proceed or establish violations of the statues. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

Kligman v. Eddie Bauer
Charge No.: 160-2005-02320
Page 2



Even though you may disagree, it is unlikely that EEOC would find a violation if it invested additional resources. Thus, the EEOC's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge with 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

_December 20, 2005_
Date

Jeanette M. Jimenez
Federal Investigator

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

Allan. Bhan, Esq.
Bhan, Herzeld and Multer, LLP
555 Fifth Avenue
New York, NY 10017

10017+2416-33 C013